UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GEOUARD DAUTERIVE,

         Plaintiff,

   v.

STANDARD PARKING COPORATION IL,

        Defendant.

No.  2:14-cv-01689-TLN-CKD

PRETRIAL SCHEDULING ORDER

After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

I.    SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

///

///

1

1    III.   JURISDICTION/VENUE

2        Jurisdiction is predicated upon 28 U.S.C. § 1332.

3    Jurisdiction and venue are not contested.

4    IV.   DISCOVERY

5        All discovery, with the exception of expert discovery, shall

6    be completed by **November 27, 2015.**  In this context, "completed"

7    means that all discovery shall have been conducted so that all

8    depositions have been taken and any disputes relative to

9    discovery shall have been resolved by appropriate order if

10   necessary and, where discovery has been ordered, the order has

11   been obeyed.  All motions to compel discovery must be noticed on

12   the magistrate judge's calendar in accordance with the local

13   rules of this Court.

14       Any request to deviate from the Federal Rules of Civil

15   Procedure should be made to the assigned Magistrate Judge.

16   V.   DISCLOSURE OF EXPERT WITNESSES

17       All counsel are to designate in writing, file with the

18   Court, and serve upon all other parties the name, address, and

19   area of expertise of each expert that they propose to tender at

20   trial not later than **January 28, 2016.**[1]  The designation shall be

21   accompanied by a written report prepared and signed by the

22   witness.  The report shall comply with Fed. R. Civ. P.

23   26(a)(2)(B).

24       Within twenty (20) days after the designation of expert

25   witnesses, any party may designate a supplemental list of expert

26   ///

27   _____

28   [1] The discovery of experts will include whether any motions based on Daubert
v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire
Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party

///

1  designating a retained expert has acquired the express permission
2  of the witness to be so listed.

3       Parties designating percipient experts must state in the
4  designation who is responsible for arranging the deposition of
5  such persons.

6       All experts designated are to be fully prepared at the time
7  of designation to render an informed opinion, and give their
8  bases for their opinion, so that they will be able to give full
9  and complete testimony at any deposition taken by the opposing
10  party.  Experts will not be permitted to testify at the trial as
11  to any information gathered or evaluated, or opinion formed,
12  after deposition taken subsequent to designation.

13       Counsel are instructed to complete all discovery of expert
14  witnesses in a timely manner in order to comply with the Court's
15  deadline for filing dispositive motions.

16       VI.   MOTION HEARING SCHEDULE

17       All dispositive motions, except motions for continuances,
18  temporary restraining orders or other emergency applications,
19  shall be heard no later than **May 19, 2016**.

20       All purely legal issues are to be resolved by timely
21  pretrial motions.  Local Rule 230 governs the calendaring and
22  procedures of civil motions with the following additions:

23       (a) The opposition and reply must be filed by 4:00 p.m. on
24            the day due; and

25       (b) When the last day for filing an opposition brief falls
26            on a legal holiday, the opposition brief shall be filed
27            on the last court day immediately preceding the legal
28            holiday.

4

1    Failure to comply with Local Rule 230(c), as modified by

2  this order, may be deemed consent to the motion and the court may

3  dispose of the motion summarily. Further, failure to timely

4  oppose a summary judgment motion[2] may result in the granting of

5  that motion if the movant shifts the burden to the nonmovant to

6  demonstrate that a genuine issue of material fact remains for

7  trial.

8    The Court places a page limit for points and authorities

9  (exclusive of exhibits and other supporting documentation) of

10  twenty (20) pages on all initial moving papers, twenty (20) pages

11  on oppositions, and ten (10) pages for replies.  All requests for

12  page limit increases must be made in writing to the Court setting

13  forth any and all reasons for any increase in page limit at least

14  fourteen (14) days prior to the filing of the motion.

15    For the Court's convenience, citations to Supreme Court

16  cases should include parallel citations to the Supreme Court

17  Reporter.

18    The parties are reminded that a motion <u>in limine</u> is a

19  pretrial procedural device designed to address the admissibility

20  of evidence.  The Court will look with disfavor upon

21  dispositional motions presented in the guise of motions <u>in</u>

22  <u>limine</u>.

23    The parties are cautioned that failure to raise a

24  dispositive legal issue that could have been tendered to the

25  court by proper pretrial motion prior to the dispositive motion

26  cut-off date may constitute waiver of such issue.

27
─────────────────────
[2] The Court urges any party that contemplates bringing a motion for summary
28  judgment or who must oppose a motion for summary judgment to review Local Rule
260.

5

1      VII.   <u>FINAL PRETRIAL CONFERENCE</u>

2          The Final Pretrial Conference is set for **August 25, 2016,** at

3  **2:00 p.m.**  At least one of the attorneys who will conduct the

4  trial for each of the parties shall attend the Final Pretrial

5  Conference.  If by reason of illness or other unavoidable

6  circumstance a trial attorney is unable to attend, the attorney

7  who attends in place of the trial attorney shall have equal

8  familiarity with the case and equal authorization to make

9  commitments on behalf of the client.

10         Counsel for all parties are to be fully prepared for trial

11 at the time of the Final Pretrial Conference, with no matters

12 remaining to be accomplished except production of witnesses for

13 oral testimony.

14         The parties shall file, not later than **August 18, 2016,** a

15 Joint Final Pretrial Conference Statement.  The provisions of

16 Local Rules 281 shall apply with respect to the matters to be

17 included in the Joint Final Pretrial Conference Statement.  In

18 addition to those subjects listed in Local Rule 281(b), the

19 parties are to provide the Court with a plain, concise statement

20 that identifies every non-discovery motion tendered to the Court

21 and its resolution.  Failure to comply with Local Rule 281, as

22 modified by this Pretrial Scheduling Order, may be grounds for

23 sanctions.

24         At the time of filing the Joint Final Pretrial Conference

25 Statement, counsel shall also electronically mail to the Court in

26 digital format compatible with Microsoft Word, the Joint Final

27 Pretrial Conference Statement in its entirety including the

28 ///

1   witness and exhibit lists.  **These documents shall be sent to:**

2   **tlnorders@caed.uscourts.gov.**

3        The parties should identify first the core undisputed facts

4   relevant to all claims.  The parties should then, in a concise

5   manner, identify those undisputed core facts that are relevant to

6   each claim.  The disputed facts should be identified in the same

7   manner.  Where the parties are unable to agree as to what

8   disputed facts are properly before the Court for trial, they

9   should nevertheless list all disputed facts asserted by each

10  party.  Each disputed fact or undisputed fact should be

11  separately numbered or lettered.

12       Each party shall identify and concisely list each disputed

13  evidentiary issue which will be the subject of a motion in

14  limine.

15       Each party shall identify the points of law which concisely

16  describe the legal issues of the trial which will be discussed in

17  the parties' respective trial briefs.  Points of law should

18  reflect issues derived from the core undisputed and disputed

19  facts.  Parties shall not include argument or authorities with

20  any point of law.

21       The parties shall prepare a joint statement of the case in

22  plain concise language which will be read to the jury at the

23  beginning of the trial.  The purpose of the joint statement is to

24  inform the jury what the case is about.

25       The parties are reminded that pursuant to Local Rule 281

26  they are required to list in the Joint Final Pretrial Conference

27  Statement all witnesses and exhibits they propose to offer at

28  trial.  After the name of each witness, each party shall provide

1    a brief statement of the nature of the testimony to be proffered.

2    The parties may file a joint list or each party may file separate

3    lists.  These list(s) shall not be contained in the body of the

4    Joint Final Pretrial Conference Statement itself, but shall be

5    attached as separate documents to be used as addenda to the Final

6    Pretrial Order.

7         Plaintiff's exhibits shall be listed numerically.

8    Defendant's exhibits shall be listed alphabetically.  The parties

9    shall use the standard exhibit stickers provided by the Court

10   Clerk's Office: pink for plaintiff and blue for defendant.  In

11   the event that the alphabet is exhausted, the exhibits shall be

12   marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the

13   number of letters in parenthesis (i.e., "AAAA(4)") to reduce

14   confusion at trial.  All multi-page exhibits shall be stapled or

15   otherwise fastened together and each page within the exhibit

16   shall be numbered.  All photographs shall be marked individually.

17   The list of exhibits shall not include excerpts of depositions,

18   which may be used to impeach witnesses.  In the event that

19   Plaintiff and Defendant offer the same exhibit during trial, that

20   exhibit shall be referred to by the designation the exhibit is

21   first identified.  The Court cautions the parties to pay

22   attention to this detail so that all concerned, including the

23   jury, will not be confused by one exhibit being identified with

24   both a number and a letter.

25        The Final Pretrial Order will contain a stringent standard

26   for the offering at trial of witnesses and exhibits not listed in

27   the Final Pretrial Order, and the parties are cautioned that the

28   standard will be strictly applied.  On the other hand, the

1   listing of exhibits or witnesses that a party does not intend to

2   offer will be viewed as an abuse of the court's processes.

3        The parties also are reminded that pursuant to Rule 16 of

4   the Federal Rules of Civil Procedure it will be their duty at the

5   Final Pretrial Conference to aid the Court in: (a) the

6   formulation and simplification of issues and the elimination of

7   frivolous claims or defenses; (b) the settling of facts that

8   should properly be admitted; and (c) the avoidance of unnecessary

9   proof and cumulative evidence.  Counsel must cooperatively

10  prepare the Joint Final Pretrial Conference Statement and

11  participate in good faith at the Final Pretrial Conference with

12  these aims in mind.  A failure to do so may result in the

13  imposition of sanctions which may include monetary sanctions,

14  orders precluding proof, elimination of claims or defenses, or

15  such other sanctions as the Court deems appropriate.

16       VIII.  <u>TRIAL BRIEFS</u>

17       The parties shall file trial briefs not later than fourteen

18  (14) days before trial.  Counsel are directed to Local Rule 285

19  regarding the content of trial briefs.

20       IX.    <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

21       It is the Court's practice to hear motions in limine on the

22  first day of trial.  However, depending on the number and nature

23  of the parties' motions, the need to special set a hearing date

24  to hear such motions shall be addressed at the Final Pretrial

25  Conference.

26  ///

27  ///

28  ///

1      X.   <u>TRIAL SETTING</u>

2      The trial is set for **October 24, 2016,** at **9:00 a.m.**  Trial

3  will be by jury.  The panel will consist of eight (8) jurors.

4  The parties estimate a trial length of **ten to twelve (10-12)**

5  **days**.

6      XI.   <u>SETTLEMENT CONFERENCE</u>

7      At the Final Pretrial Conference, the Court may set a

8  settlement conference if the parties so request.  In the event no

9  settlement conference is requested, the parties are free to

10  continue to mediate or attempt to settle the case with the

11  understanding that the trial date is a firm date.

12      In the event a settlement conference is set by the Court,

13  counsel are instructed to have a principal with full settlement

14  authority present at the Settlement Conference or to be fully

15  authorized to settle the matter on any terms.  At least seven (7)

16  calendar days before the settlement conference, counsel for each

17  party shall submit to the chambers of the settlement judge a

18  confidential Settlement Conference Statement.  Such statements

19  are neither to be filed with the Clerk nor served on opposing

20  counsel.  Each party, however, shall serve notice on all other

21  parties that the statement has been submitted.  If the settlement

22  judge is not the trial judge, the Settlement Conference Statement

23  shall not be disclosed to the trial judge.

24      Notwithstanding the foregoing, the parties may request a

25  settlement conference prior to the Final Pretrial Conference if

26  they feel it would lead to the possible resolution of the case.

27  In the event an early settlement conference date is requested,

28  the parties shall file said request jointly, in writing.  The

1   request must state whether the parties waive disqualification,

2   pursuant to Local Rule 270(b), before a settlement judge can be

3   assigned to the case.  Absent the parties' affirmatively

4   requesting that the assigned Judge or Magistrate Judge

5   participate in the settlement conference AND waiver, pursuant to

6   Local Rule 270(b), a settlement judge will be randomly assigned

7   to the case.

8       XII.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

9       Pursuant to Local Rule 271, parties may stipulate at any

10  stage in the proceedings to refer the action, in whole or in

11  part, to the Voluntary Dispute Resolution Program.

12      XIII. MODIFICATION OF PRETRIAL SCHEDULING ORDER

13      The parties are reminded that pursuant to Rule 16(b) of the

14  Federal Rules of Civil Procedure, the Pretrial Scheduling Order

15  shall not be modified except by leave of court upon a showing of

16  **good cause.**  Agreement by the parties pursuant to stipulation

17  alone to modify the Pretrial Scheduling Order does not constitute

18  good cause.  Except in extraordinary circumstances,

19  unavailability of witnesses or counsel will not constitute good

20  cause.

21      XIV.  OBJECTIONS TO PRETRIAL SCHEDULING ORDER

22      This Pretrial Scheduling Order will become final without

23  further order of the Court unless objections are filed within

24  fourteen (14) days of service of this Order.

25      IT IS SO ORDERED.

26  DATED: November 24, 2014

27

28

                                     Troy L. Nunley
                                     United States District Judge